JOHN S. PURCELL (SBN 158969)
john.purcell@afslaw.com
JAKE M. GILBERT (SBN 293419)
jake.gilbert@afslaw.com
**ARENTFOX SCHIFF LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:  213.629.7400
Facsimile:   213.629.7401

Attorneys for Plaintiff
TESLA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| TESLA, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>SCOTT KLABUNDE, NICHOLAS KLABUNDE, SUNNY CHEEMA, and DOES 1-10, Inclusive,<br><br>                    Defendants. | Case No. 2:22-cv-2010<br><br>**COMPLAINT FOR:**<br><br>**(1)  FEDERAL TRADEMARK COUNTERFEITING UNDER 15 U.S.C. §§ 1114, 1117;**<br><br>**(2)  FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114;**<br><br>**(3)  UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(A);**<br><br>**(4)  VIOLATION OF CAL. BUS. & PROF CODE §§ 17200 ET SEQ.; AND**<br><br>**(5)  TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tesla, Inc. ("Tesla") complains and alleges against Scott Klabunde, Nicholas Klabunde, Sunny Cheema, and DOES 1-10 ( collectively "Defendants") as follows.

## NATURE OF THE ACTION

1.     Founded in 2003, Tesla designs, manufactures, and sells electric cars and scalable clean energy generation and storage products designed to accelerate the world's transition to sustainable energy.  Tesla sells the successful Model S, Model 3, Model X, and Model Y vehicles, and has achieved global acclaim for its technological innovations and high-performance vehicles.

2.     This success has led to imitation, infringement and unfair competition on the part of Defendants, who operate as EV EVERYTHING, an online marketplace for Tesla-related aftermarket products and accessories.  Defendants' products are intentionally engineered, designed and marketed to mislead consumers into falsely believing that Tesla itself created them.  Not only have Defendants adorned products with Tesla's famous trademarks, their marketing has misused those same marks to associate Defendants and their counterfeit wares with Tesla, absent any authorization.

3.     Despite Defendants' blatant disregard for Tesla's intellectual property rights, Tesla offered to forgo litigation if Defendants simply stopped their infringement.  Defendants declined, attempting instead to exploit Tesla's outreach as an opportunity to pitch a business proposal.

4.     Defendants' ongoing campaign of trademark infringement has necessitated this suit for damages and injunctive relief.

## THE PARTIES

5.     Tesla is a Delaware corporation with its principal place of business at 13101 Tesla Road, Austin TX 78725.

6.     Defendant Scott Klabunde, on information and belief, is an individual residing in Naples, Florida.

7.     Defendant Nicholas Klabunde, on information and belief, is an individual residing in Naples, Florida.

8.     Defendant Sunny Cheema, on information and belief, is an individual residing in Calgary, Canada.

## JURISDICTION AND VENUE

9.     The Court has original jurisdiction under 28 U.S.C. § 1331, as this is a civil action arising under 15 U.S.C. §§ 1114 and 1125.  The Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367 because all claims alleged herein form part of the same case or controversy.

10.     Tesla is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendants because Defendants conduct business within the State of California and this judicial district and Defendants have caused their infringing products to be advertised, promoted, and sold in the State of California and this judicial district as evidenced by the purchase receipt reflecting goods bought from Defendants' website in this judicial district, attached hereto as Exhibit A.

11.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendants' tortious conduct has occurred in this judicial district and a substantial portion of the events or omissions giving rise to Tesla's claims occurred in this district as evidenced by the purchase receipt reflecting goods bought from Defendants' website in this judicial district, attached hereto as Exhibit A.

## FACTUAL BACKGROUND

## TESLA AND THE TESLA TRADEMARKS

12.     Tesla is a global market leader in the design, manufacture, and sale of electric vehicles and clean energy generation and storage products.

13.     Since at least as early as 2006, Tesla has used the word mark TESLA in U.S. interstate commerce in connection with, among other things, the sale of electric cars and components related thereto.

14.     Tesla displays the TESLA word mark in the following distinctive stylized lettering (the "TESLA Logo"):



15.     Since at least as early as 2006, Tesla has also used the following T design (the "T Logo") in connection with its electric vehicles and related products and services:



16.     Hereinafter, the TESLA word mark, the Tesla Logo, the T Logo, and the Tesla Model Marks are collectively referred to herein as the "Tesla Marks".

17.     Tesla currently sells four electric vehicle models in the United States: Model S, Model 3, Model X, and Model Y.  Tesla has used the trademarks MODEL S, MODEL 3, MODEL X, and MODEL Y (the "Tesla Model Marks") in connection with the sale of electric vehicles since at least as early as June 2012, July 2017, July 2016, and March 2020, respectively.

18.     Tesla has invested considerable effort and expense in promoting goods and services under the Tesla Marks.  Further, Tesla and its products offered under the Tesla Marks have received numerous accolades and awards, of which the following are only a few examples:

a. Model S: Motor Trend 2013 Car of the Year© and TIME Magazine's Best Invention of the Year for 2012;

b. Model 3: Popular Mechanics' 2018 Car of the Year and Automobile Magazine's 2018 Design of the Year;

c. Model X: Forbes Magazine's Best Vehicle of the Year 2017 and the American Automobile Association's 2017 Top Green Vehicle Overall; and

d. Model Y: Cars.com's Best Electric Vehicle of 2022 and 2021-2022 IIHS Top Safety Pick+.

19. As a result of Tesla's long history of industry-defining advances in automobile technology and design, the Tesla Marks have become synonymous with innovation and performance in the automobile industry.

20. Because of Tesla's continuous use of the Tesla Marks, its extensive advertising and promotion of its goods and services, unsolicited media coverage, and the large and devoted following of fans and customers that Tesla enjoys, the Tesla Marks have achieved a high degree of fame and recognition among the general consuming public in the United States.

21. In addition to owning strong, long-standing common law rights in the Tesla Marks, Tesla owns the following U.S. trademark registrations for the TESLA word mark, the TESLA Logo, the T Logo, and the Tesla Model Marks (collectively, the "Registered Tesla Marks"):

- Incontestable Reg. No. 4,443,472 for TESLA, issued on December 3, 2013 in connection with "automobiles and structural parts therefor" in International Class 12;

- Incontestable Reg. No. 4,226,099 for T ᴇ ꜱ ʟ ᴀ issued on October 16, 2012 in connection with, among other things, "apparatus for locomotion by land, namely, cars, electric automobiles; electric automobile parts; fully battery electric, high performance sports automobile; seats, automobile wheel hubs; vehicle

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

wheels; upholstery, fitted covers for vehicles; semi-fitted covers for vehicles; steering wheels, motors; motor vehicle bodies; vehicles, namely, automobiles; motor land vehicles; parts and fittings for motor land vehicles, namely, structural automobile parts and powertrain components" in Class 12; "cups and mugs" in Class 22; and "Articles of clothing, namely, t-shirts, shirts, jackets, hats; headgear, namely, sports hats, caps, sun visors" in Class 25;

• Incontestable Reg. No. 4,560,510 for ᴛᴇꜱʟᴀ issued on July 1, 2014 in connection with, among other things, "anti-skid chains, roof-racks, shock absorbers, springs, stabilizer bars, suspensions, all for vehicles; trim panels for vehicle bodies; brake calipers for land vehicles" in Class 12 and "mats" in Class 27;

• Incontestable Reg. No. 4,226,096 for Ⲧ issued on October 16, 2012 in connection with, among other things, "apparatus for locomotion by land, air or water, namely, cars, boats, airplanes; electric automobiles; electric automobile parts, fully battery electric, high performance sports automobile; seats, upholstery, steering wheels, automobile wheel hubs; vehicle wheels; motor vehicle bodies; vehicles, namely, automobiles; motors; motor land vehicles; parts and fittings for motor land vehicles, namely, structural automobile parts and powertrain components" in Class 12; "cups and mugs" in Class 22; and "articles of clothing, namely, t-shirts, shirts, jackets, hats; headgear, namely, sports hats, caps, sun visors" in Class 25;

• Incontestable Reg. No. 4,560,509 for Ⲧ issued on July 1, 2014 in connection with, among other things, "brake calipers for land vehicles; anti-skid chains, roof-racks, shock absorbers, springs, stabilizer bars, suspensions, all for vehicles; fitted covers for vehicles; semi-fitted covers for vehicles; trim panels for vehicle bodies" in Class 12;

• Incontestable Reg. No. 4,225,971 for MODEL S issued October 16, 2012 in connection with "electric automobiles" in Class12;

1            •     Reg. No. 4,846,289 for MODEL X issued November 3, 2015 in

2  connection with "electric automobiles" in Class 12;

3            •     Reg. No. 5,324,097 for MODEL 3 issued October 31, 2017 in

4  connection with "automobiles and structural parts therefor" in Class 12; and

5            •     Reg. No. 6,075,303 for MODEL Y issued June 9, 2020 in

6  connection with "electric vehicles" in Class 12.

### DEFENDANTS' EV Everything WEBSITE

22.    On information and belief, Defendants registered the domain name www.eveverything.com  on or about March 28, 2016 and thereafter launched their EV Everything business through a website located at that domain (the "EV Everything Website").

23.    On information and belief, the EV Everything Website is nothing more than a platform for Defendants to exploit Tesla's intellectual property for their own benefit and to sell their products by suggesting an association with the Tesla brand. While Tesla does not object to the sale of Tesla compatible products, it cannot allow any company to infringe Tesla's intellectual property or suggest an affiliation with Tesla when none exists.  This is precisely what Defendants here have done.

### DEFENDANTS INTENTIONALLY INFRINGE THE TESLA MARKS ON THEIR WEBSITE AND IN ITS ADVERTISEMENTS

24.    Neither Defendants nor the EV Everything Website have any business relationship with Tesla, any license to use Tesla's trademarks, or any basis in fact to do so. Notably, there is no disclaimer on any individual product offering, anywhere else on the EV Everything Website, including in its Terms of Service, or any of its marketing materials delivered via electronic mail clarifying its relationship or lack thereof with Tesla.

25.    Defendants sell products on the EV Everything Website  and through electronic marketing campaigns that they identify using both the Tesla word mark,

and with Tesla Model Marks. For example, Defendants sell coat hooks which they identify as "Model S/Model X Coat Hooks":



### Model S/Model X Coat Hooks
★★★★★ 4.7

$~~$59.99$~~$ $44.99 Sale

Limited stock! 1 person is viewing this and 4 recently purchased it.

Pay in full or in 4 interest-free installments for orders between $50 and $3000 with shop**Pay**
Learn more

Car
Model S w/(sunroof), hooks

Quantity
1

ADD TO CART

BUY IT NOW

DESCRIPTION ▼

[MODEL S & X COAT HOOKS (HEADREST)] ▲

One of our two coat hook options, these hooks are designed for front seats with the **adjustable headrests** available in the **Tesla Model S & X** (2016-2019 Model Years). Simply slip them into the headrests of the front seats and they are ready to go. These anodized aluminum hooks provide optimal strength for hanging coats and other apparel in your car. **A single order includes two coat hooks.**



26.     Customers have left negative reviews of the "Model S/Model X Coat Hooks" including: "They look great but the adhesive doesn't work. They fall off because nothing holds them in place. I will try some other adhesive to solve the problem."

27.     Across all Tesla Models, Defendants sell products using the Tesla Model Marks. Other examples include "Tesla Model 3 Limited Edition Custom Mats":



And "Wireless Charger Box for Model S/X (2014-2020):

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

28.    Such products, and numerous others carried on the EV Everything Website carry clear safety hazards that endanger Tesla's customers. Further, Defendants' products could be subject to recall and Tesla would have no way to monitor the status of such recall efforts or the safety concerns they create. These products therefore put Tesla's hard-earned reputation at risk.  Tesla cannot conduct quality control on these products, nor can it effectively confirm that the products sold are safe for consumer use.

29.    Even more glaring, Defendants sell rubber mats designed to sit in Tesla Model 3 front trunks and, in order to have "an original OEM look", have emblazoned the mats with a lookalike "MODEL 3" mark:



30.    The EV Everything Website also refers to this product as a "Tesla Model 3 Frunk/Trunk All Weather Mat," thereby suggesting an affiliation with Tesla that does not exist.

31.     The foregoing examples of Defendants' uses of the Tesla Marks are merely illustrative.  The EV Everything Website is permeated with other products bearing the Tesla Marks and gratuitous displays of the Tesla Marks.

32.     Defendants' infringing conduct is not limited to the EV Everything Website. Defendants routinely issue advertising in the form of "email blasts" with information on sales events and products available on the EV Everything Website. Defendants use these email blasts as an opportunity to use Tesla intellectual property to sell Defendants' goods.

33.     For example, in advance of Black Friday (November 26, 2021) Defendants issued the following advertisement:



34.    Similarly, earlier in 2021, Defendants issued the following "Deal of the Day" which uses the Tesla name mark and the specialized font Tesla uses to identify its brand while associating Defendants' product with Tesla's word mark:



35. Such advertisements demonstrate a few of the numerous, ongoing infringements conducted by Defendants.

## DEFENDANTS HAVE NO AUTHORIZATION TO USE TESLA INTELLECTUAL PROPERTY

36. There is no issue as to priority of use. Tesla's first uses of the Tesla Marks long pre-date Defendants' infringing uses of the Tesla Marks.

37. Tesla has not authorized Defendants to use its Tesla Marks or granted a license or any other form of permission to use the Tesla Marks on the EV Everything Website or for any other purpose.

38. Tesla is not affiliated or connected with the products that Defendants sell under the Tesla Marks.

39. The above website, advertisements, and "email blasts" are illustrative of Defendant's intent: using existing Tesla intellectual property to further their own financial gains absent license or other authorization. Defendants have regularly used the intellectual property described above and, absent court intervention, will continue to irrevocably harm Tesla's reputation and goodwill.

40. On information and belief, Defendants began using the Tesla Marks to trade off the recognition of Tesla and the Tesla Marks. On information and belief, Defendants' willful trademark infringement has caused and will continue to cause consumer confusion in the marketplace, leading consumers to purchase Defendants' "Tesla" products under the mistaken belief that they originate from, or are approved by, sponsored by, endorsed by, or are otherwise affiliated with Tesla when they are not.

## DEFENDANTS REFUSE TO DISCONTINUE THEIR INFRINGING ACTIVITY

41. On or around March 15, 2020 Tesla became aware of Defendants unauthorized uses of the Tesla Marks.

42.     On June 26, 2020 Tesla sent Defendants an email demanding that Defendants discontinue their improper uses of Tesla's intellectual property.

43.     Having received no acknowledgement or response from Defendants, Tesla sent Defendants follow-up email and letters on August 20, 2020, November 23, 2020, and, via Tesla's counsel, December 1, 2020 to no response.

44.     Despite Tesla's efforts, Defendants continue to engage in widespread unauthorized use of the Tesla Marks over Tesla's express objection.

45.     Specifically, Defendants most recently have used the Tesla Marks in connection with new email advertising issued in conjunction with the 2022 National Collegiate Athletic Association's Mens Basketball Tournament (commonly known as "March Madness"):

 

## **FIRST CLAIM FOR RELIEF**

### **(Federal Trademark Counterfeiting, 15 U.S.C. §§ 1114, 1117)**

46.     Tesla incorporates and re-alleges the allegations contained in paragraphs 1-45 of this Complaint as if fully set forth herein.

47.     The TESLA Logo and T Logo are inherently distinctive, strong, valid, famous and incontestable federally registered trademarks owned by Tesla.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

48.     Defendants are actively selling, or have sold and intend to sell again in the future, a wide variety of products bearing marks that are identical to, or substantially indistinguishable from, the TESLA Logo and T Logo, including vehicle parts and fittings, trim panels, mats, clothing, and mugs.

49.     Defendants' uses of spurious replicas of the TESLA Logo and T Logo are likely to deceive consumers as to the source of Defendants' products and/or are likely to lead the consuming public to mistakenly believe that Tesla has authorized, approved, endorsed, or sponsored Defendants' products.

50.     On information and belief, Defendants intentionally use the TESLA Logo, T Logo, and MODEL 3 Trademark knowing such designations to be counterfeit marks.

51.     The actions of Defendants described herein constitute trademark counterfeiting under 15 U.S.C. §§ 1114, 1117.

52.     Tesla has been, and will continue to be, irreparably harmed by Defendants' actions, which will continue unless Defendants are enjoined by this Court.  Tesla has no adequate remedy at law in that the amount of harm to Tesla's business and reputation and the diminution of the goodwill of the TESLA Logo and T Logo are difficult to ascertain with specificity.  Tesla is therefore entitled to injunctive relief.

53.     On information and belief, Defendants are aware of and were provided with actual notice of Tesla's incontestable registrations for the TESLA Logo and T Logo and Tesla's registration for the MODEL 3 Trademark.  Furthermore, Tesla gave notice of such registrations by its display of the registration symbol.  Tesla is thus entitled to damages in an amount to be determined at trial and to any profits made by Defendants in connection with their infringing activities.

54.     Defendant's counterfeiting is knowing and intentional within the meaning of 15 U.S.C. § 1117(b).  Tesla is therefore entitled to recover three times

the amount of its actual damages and the attorneys' fees and costs incurred in this action, as well as prejudgment interest.

## SECOND CLAIM FOR RELIEF

### (Federal Trademark Infringement, 15 U.S.C. § 1114)

55.     Tesla incorporates and re-alleges the allegations contained in paragraphs 1-54 of this Complaint as if fully set forth herein.

56.     The federal registrations for the Registered Tesla Marks are famous and in full force and effect.

57.     Defendants began using the Registered Tesla Marks long after Tesla, and subsequent to the issuance of federal trademark registrations for the Registered Tesla Marks.

58.     Defendants sell products under the Registered Tesla Marks that are identical to and/or highly related to the products sold by Tesla under the Registered Tesla Marks.

59.     Defendants use the Registered Tesla Marks to advertise, market, and sell products that are identical to and/or highly related to the products sold by Tesla under the Registered Tesla Marks.

60.     Both Tesla and Defendants offer their products through the same channel of trade, i.e., the Internet.

61.     On information and belief, Defendants began using the Registered Tesla Marks with knowledge of, and the intent to call to mind, create a likelihood of confusion with regard to, and/or trade off the recognition of Tesla and the Registered Tesla Marks.

62.     Defendants continue to use the Registered Tesla Marks over Tesla's express objection.

63.     Defendants' uses of the Registered Tesla Marks have injured and will continue to injure Tesla by causing the public to be confused or mistaken into believing that the goods provided by Defendants are genuine Tesla products and/or

sponsored or endorsed by Tesla.  On information and belief, consumers have purchased and are likely to purchase Defendants' products under the mistaken belief that they originate from or are otherwise associated with Tesla, resulting in lost sales by Tesla.

64.    Moreover, Tesla has no control over the nature and quality of the goods offered by Defendants under the Registered Tesla Marks, and Tesla's reputation and goodwill will be damaged and the value of the Registered Tesla Marks jeopardized by Defendants' continued use of the Registered Tesla Marks. Because of the likelihood of confusion caused by Defendants' uses of the Registered Tesla Marks, defects, objections, or faults found with Defendants' products marketed under the Registered Tesla Marks may negatively reflect upon and injure the reputation that Tesla has established for the high-quality automotive products and related goods and services that it offers in connection with the Registered Tesla Marks.  As such, Defendants are liable to Tesla for trademark infringement under 15 U.S.C. § 1114.

65.    As demonstrated by Defendants' refusal to cease use of the Registered Tesla Marks, Defendants' acts as alleged above, if not enjoined, will continue. Tesla has no adequate remedy at law.

66.    As a result of Defendants' infringement of the Registered Tesla Marks, Tesla has incurred damages in an amount to be proven at trial consisting of, among other things, lost sales and diminution in the value of and goodwill associated with the marks.  Tesla is entitled to damages in an amount to be determined at trial and to any profits made by Defendants in connection with their infringing activities.

67.    Defendants' infringement of the Registered Tesla Marks is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of Registered Tesla Marks.  Defendants' conduct is thus an "exceptional case" within the meaning of section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).  Tesla is therefore entitled to recover three times the amount of its

actual damages and the attorneys' fees and costs incurred in this action, as well as prejudgment interest.

## **THIRD CLAIM FOR RELIEF**

### **(Unfair Competition and False Designation of Origin, 15 U.S.C. § 1125(A))**

68.     Tesla incorporates and re-alleges the allegations contained in paragraphs 1-67 of this Complaint as if fully set forth herein.

69.     Tesla owns the inherently distinctive, strong, famous, and valid Tesla Marks.

70.     Without Tesla's consent, Defendants have marketed and sold in commerce a wide variety of products under the Tesla Marks.

71.     Defendants' actions as described herein have caused and are likely to cause confusion, mistake, and deception among ordinary consumers as to the affiliation, connection, or association of Defendants with Tesla, as to the true source of Defendants' products, and as to the sponsorship or approval of Defendants or Defendants' products by Tesla.

72.     Defendants' actions constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a)(1).  Tesla is entitled to damages in an amount to be determined at trial and to any profits made by Defendants in connection with their infringing activities.

73.     Tesla has been, and will continue to be, irreparably harmed by Defendants' actions, which will continue unless Defendants are enjoined by this Court.  Tesla has no adequate remedy at law in that the amount of harm to Tesla's business and reputation and the diminution of the goodwill of Tesla's trademarks are difficult to ascertain with specificity.  Tesla is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

74.     Defendants' unfair competition and false designation of origin are deliberate, willful, fraudulent, and without extenuating circumstances.  Defendants' conduct is thus an "exceptional case" within the meaning of section 35(a) of the

1  Lanham Act, 15 U.S.C. § 1117(a).  Tesla is therefore entitled to recover three times
2  the amount of its actual damages and the attorneys' fees and costs incurred in this
3  action, as well as prejudgment interest.

4  <u>**FOURTH CLAIM FOR RELIEF**</u>

5  **(Trademark Infringement Under California Common Law)**

6  75.    Tesla incorporates and re-alleges the allegations contained in
7  paragraphs 1-74 of this Complaint as if fully set forth herein.

8  76.    As a result of Tesla's use of the Tesla Marks in connection with the
9  sale of products services in California, Tesla owns California common law rights in
10  the Tesla Marks that long pre-date Defendants' launch of the EV EVERYTHING
11  Website and first use of the Tesla Marks.

12  77.    The acts and conduct of Defendants as alleged in this Complaint, and
13  in particular its use of the Tesla Marks, constitute trademark infringement under the
14  common law of California.

15  78.    Defendants' acts alleged herein have caused monetary damages to
16  Tesla in an amount to be proven at trial.

17  79.    Tesla has been, and will continue to be, irreparably harmed by
18  Defendants' conduct unless Defendants are enjoined by this Court.  Tesla has no
19  adequate remedy at law, in that the amount of damage to Tesla's business and
20  reputation and the diminution of the goodwill of the Tesla Marks is difficult to
21  ascertain with specificity.  Tesla is therefore entitled to injunctive relief.

22  80.    Tesla is entitled to recover damages in an amount to be determined at
23  trial and profits made by Defendants in connection with the sale of products under
24  the Tesla Marks.

25  <u>**FIFTH CLAIM FOR RELIEF**</u>

26  **(Violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

27  81.    Tesla incorporates and re-alleges the allegations contained in
28  paragraphs 1-80 of this Complaint as if fully set forth herein.

82.     Defendants, by using the Tesla Marks, have engaged in unlawful and unfair business practices that have injured and will continue to injure Tesla's business and property in violation of Cal. Bus. & Prof. Code §§ 17200 et seq.

83.     Tesla has been, and will continue to be, irreparably harmed by Defendants' conduct unless Defendants are enjoined by this Court.  Tesla has no adequate remedy at law, in that the amount of damage to Tesla's business and reputation and the diminution of the goodwill of the Tesla Marks is difficult to ascertain with specificity.  Tesla is therefore entitled to injunctive relief.

## PRAYER FOR RELIEF

Wherefore, Tesla prays for judgment as follows:

a)     For judgment in favor of Tesla on each of its claims for relief;

b)     For injunctive relief; specifically, that Defendants and all of their officers, agents, servants, representatives, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and all other persons acting in concert with them be preliminarily and permanently enjoined from (i) using the Tesla Marks or any variations thereof in connection with the marketing, promotion, advertising, sale, or distribution of any of Defendants' products or services (except as reasonably necessary to identify Tesla's own products and services); (ii) using any false designation of origin or any false description that can, or is likely to, mislead the public, or individual members thereof, to believe that any product or service distributed, sold, offered for sale, or advertised by Defendants is in any manner associated with or approved or sponsored by Tesla; and (iii) any other infringing or misleading conduct discovered during the course of this action;

c)     For an order to destroy any remaining inventory of infringing products as well as any and all advertising and promotional materials, displays, marketing materials, web pages and all other data or public-facing materials that display the Tesla Marks;

d)     For compensatory damages;

1    e)    For disgorgement of any proceeds obtained from or in connection with

2    Defendants' use of the Tesla Marks;

3    f)    For attorneys' fees;

4    g)    For trebling of the disgorgement of profits and damages;

5    h)    For pre-judgment and post-judgment interest;

6    i)    For costs of this suit; and

7    j)    For such other relief as the court deems just and proper.

8

9    Dated:  March 25, 2022                Respectfully submitted,

10                                          **ARENT FOX LLP**

11

12                                          By:    */s/John S. Purcell*
                                            John S. Purcell
13                                          Jake M. Gilbert

14                                          Attorneys for Plaintiff
                                            TESLA, INC.
15

16

17

18

19

20

21

22

23

24

25

26

27

28